UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| L.W. Benjamin, | ) | C/A No. 0:07-1054-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| William M. Brice Jr., | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, L.W. Benjamin ("plaintiff"), proceeding pro se, files this case pursuant to 42 U.S.C. § 1983 alleging the defendant violated his civil rights. The plaintiff seeks to be compensated for the sale of his real property in the amount of $9,281.35. The plaintiff also seeks punitive damages, and asks to proceed *in forma pauperis*.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz*

*v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

## **Background**

This is actually a case about three parcels of real estate owned by the plaintiff and his wife. Plaintiff attaches to his complaint a copy of a state court order which reveals that all three parcels were subject to a mortgage held by the First Union National Bank (FUNB). The real estate described in the mortgage consisted of: 1) Lot 1; 2) Lots 2 and 3; and 3) Lot 39. In September of 1987, FUNB executed a release for Lot 3. It appears the plaintiff and his wife failed to make payments when due on the mortgage. Consequently, an action was commenced by FUNB in October of 1989 to foreclose the mortgage against parcels 1 and 2 (which included Lot 3). A hearing was held and judgement of foreclosure was entered in favor of FUNB. The deed was recorded in the Office of the York County Clerk of Court in May, 1990.

Six years later, the plaintiff and his wife filed suit against FUNB claiming that Lot 3, which was part of parcel two, either was not, or should not have been included in the foreclosure action. The plaintiff and his wife voluntarily dismissed this action filed in state court.

Five years later, in 2001, the plaintiff and his wife filed another action alleging that Lot 3 in Parcel 2 was not or should not have been included in the foreclosure action. FUNB pleaded as affirmative defenses the applicable statute of limitations and the doctrine of res judicata. The state

court judge found that FUNB had a mortgage on Lot 3 described in Parcel 2 and did, in fact, foreclose on that lot. The state court judge also found that any challenge to FUNB's right to foreclose should have been raised in the foreclosure action, and was therefore barred by the doctrine of res judicata. Finally, the state court judge found that the plaintiff and his wife knew or should have known that FUNB was foreclosing on Lot 3 in 1989, and that the 1996 lawsuit brought by the plaintiff and his wife confirmed that they had actual knowledge that Lot 3 had been foreclosed on. The state court order was signed by the judge in July of 2002.

The parcel that was not foreclosed upon, Lot 39, was apparently sold by the plaintiff in October of 1987. Plaintiff maintains that the bank did not have a mortgage on this parcel of land, however, the state court order which plaintiff submits along with his complaint, referred to above, seems to suggest that FUNB did in fact have a mortgage on Lot 39 at one time.[1] In any event, the defendant in this action is the attorney who handled the real estate transaction when the plaintiff sold Lot 39. Plaintiff sues the defendant alleging that the defendant incorrectly gave some of the proceeds of the sale of Lot 39 to the bank when the defendant should have given the proceeds to the plaintiff because the bank did not hold a mortgage on Lot 39. Plaintiff planned to use the proceeds to bring his loan current.

## Discussion

In order for this Court to hear or decide a case, the Court must first have jurisdiction over

---

[1] In a prior case filed in this Court by the plaintiff concerning the same real estate transaction which is the subject of the present suit, the plaintiff alleged he informed the bank that he would sell a lot ("Lot 39") in order to bring the loan current. In the prior matter, and in the present case, the plaintiff alleges that Lot 39 was "free and clear" of any mortgages, although according to the Report and Recommendation entered in the previous case, the bank told the plaintiff that their mortgage covered Lot 39. Nevertheless, the plaintiff sold Lot 39. For more information regarding that previous filing see the Report and Recommendation entered in *Benjamin v. First Union National Bank of S.C.*, Civil Action No. 0:01-464-DWS-JRM (D.S.C. 2001).

the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and federal statute. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). This limited jurisdiction is not to be expanded by judicial decree. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *see Turner v, Bank of North America*, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.

First, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of South Carolina. Hence, complete diversity of parties is absent, and diversity jurisdiction is, therefore, lacking.

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint involves a real estate transaction. Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction lis present. Although plaintiff's allegations contain a reference to an alleged violation by the defendant of a constitutional provision, the defendant has not acted under color of state law.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

The district court in *Hall v. Quillen*, *supra*, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> \* \* \* But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. \* \* \*

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be

blamed.").

Since plaintiff has not met the requirements of the diversity statute and since his allegations do not establish that the sole defendant violated a federal right while acting under color of state law, this action should be dismissed for lack of subject matter jurisdiction.

## Motion to proceed *in forma pauperis*

Plaintiff has applied to proceed *in forma pauperis*. It is recommended his motion be denied. Grants or denial of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under § 1915. *Graham v. Riddle*, 554 F.2d 133 (4th Cir.1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).

*See also Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612, 613 (4th Cir. 1969); *U.S. v. Gregg*, 393 F.2d 722, 723 (4th Cir. 1968). Under *Graham v. Riddle*, 554 F.2d at 134, "included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous."

This is at least the fifth complaint filed by this plaintiff pertaining to the same set of facts, that is, the foreclosure/sale of the three parcels of real estate owned by the plaintiff.[2] Yet plaintiff once again files an action in this court concerning the same underlying allegations related to the

---

[2]

*See Benjamin v. First Union National Bank of S.C.*, Civil Action No. 0:01–464-DWS-JRM; *Benjamin v. County of York*, Civil Action No. 0:01-473-DWS-JRM; *Benjamin v. County of York, et. al.*, Civil Action No. 0:04-1158-JFA-JRM; and *Benjamin v. Brice*, Civil Action No. 0:07-641-JFA-JRM. This court may take judicial notice of its own books and records. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

proceeds from the sale of real property. Plaintiff has previously been given notice in his prior cases of this court's limited jurisdiction to no avail. Consequently, it is recommended that the plaintiff's motion to proceed *in forma pauperis* be **denied**.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B).

                                      s/Joseph R. McCrorey
                                      United States Magistrate Judge

Columbia, South Carolina
May 10, 2007

*The plaintiff's attention is directed to the important notice on the next page*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).