IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| L.W. Benjamin, | ) | C/A No.:  0:07-1054-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| William M. Brice, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, L.W. Benjamin, brings this action under 42 U.S.C. § 1983 alleging the defendant violated his civil rights. He seeks compensation for the defendant's alleged improper allocation of proceeds when plaintiff sold a parcel of his real property.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests dismissal of the case because this court has no subject matter jurisdiction over the matter. The Magistrate Judge finds no basis for diversity jurisdiction, nor does he find that the complaint contains a claim cognizable under federal question jurisdiction. In addition, the Magistrate Judge recommends that plaintiff's motion

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

to proceed *in forma pauperis* be denied.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 10, 2007. He timely filed objections to the Report. In his objections to the Report, the plaintiff merely raises the same issues already addressed by the Magistrate Judge.[3]

In addition, the plaintiff has filed a separate motion to amend his complaint seeking relief and compensation in the amount of $250,000. It appears the plaintiff seeks to raise his initial damages claim from $9,281.35 to $250,000 in an attempt to defeat the requirement of 28 U.S.C. § 1332(a) which sets a minimum amount of controversy at $75,000. However, the plaintiff cannot cure the further requirement of the statute that the controversy be between citizens of different states. The defendant is an attorney practicing law in the state of South Carolina, thus there is no complete diversity jurisdiction.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct

---

[2] The Magistrate Judge notes that this is at least the fifth complaint filed by the plaintiff concerning the same underlying allegations of this action — the foreclosure/sale of real estate owned by the plaintiff.

[3] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 *(4th Cir. 1982). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process. Plaintiff's motion to proceed in forma pauperis is denied, and plaintiff's motion to amend the complaint is moot.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

June 12, 2007
Columbia, South Carolina